**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARSHA LAUTERBACH VANKIRK, | ) ) ) | Civil Action No. 15 - 199 |
| Plaintiff, | ) ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S PARTIAL MOTION TO DISMISS

**I. Summation**

For the reasons set forth below, Defendant's Partial Motion to Dismiss (ECF No. 9), in this automobile insurance coverage case filed in the Court of Common Pleas of Allegheny County on January 14, 2015 and removed by Defendant to this Court on February 12, 2015, will be denied. Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") is unentitled to either (a) Rule 12(b)(6) dismissal of Plaintiff's Count II bad faith claim at this juncture or (b) striking of paragraphs regarding the underlying third-party litigation.

**II. Factual and Procedural History**

Plaintiff attests, in the Amended Complaint filed on March 12, 2015 (ECF No. 7) that on September 28, 2009, she was struck, while stopped at a red traffic light, by another State Farm

insured motorist, Kimberly Saylor ("Saylor").  The extent of her injuries necessitated bilateral hip replacement and two surgeries.

During litigation against Saylor for her State Farm insurance policy limits, Plaintiff provided her medical records, and both Plaintiff and her treating physician, Dr. Dana Mears, were deposed in July, 2012.  Dr. Mears also provided his pre-trial Expert Report.  Demands for payment were repeatedly ignored by State Farm, the insurer made no request that Plaintiff be independently examined, and there is no evidence it obtained any medical opinions disputing those of Dr. Mears.  Ultimately, the case was listed for trial in March, 2013 and only then, in January, 2013, did State Farm offer Saylor's coverage limit of $25,000.  Plaintiff accepted this offer with the right to proceed with an under-insured motorist ("UIM") claim against State Farm under her own policy, which provides for $500,000 in UIM benefits.

A demand package for the policy limits, including updated medical records, was provided to State Farm in June, 2013. In the ensuing ten (10) months  - until April 9, 2014, State Farm requested and was provided a Statement under Oath, additional deposition of Plaintiff, updated medical records and documentation, another Report from Dr. Mears concerning ongoing treatment and a second surgery, and additional imaging studies. Six months thereafter, in October, 2014, State Farm submitted a report from a physician disputing (on the basis of the records) Dr. Mears' conclusions and the extent of Plaintiff's injuries.  State Farm offered $5,000.

Plaintiff filed this action for underinsured motorist benefits on March 28, 2014 seeking her full policy benefits and, in Count II, damages for bad faith under [42 Pa.C.S.A. Section 8371](42 Pa.C.S.A. Section 8371). Plaintiff filed, in response to Defendant's first Motion to Dismiss, and Amended Complaint containing additional factual averments and maintaining that State Farm's conduct was, *e.g.*, (a) unreasonable and reckless in investigation/evaluation/settlement offer, (b) dilatory and abusive,

(c) motivated by self-interest, and that it (d) prolonged the litigation and unreasonably delayed the handling of her claim for more than five (5) years.

### III. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550

3

U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).[1]

IV. **Analysis**

Defendant contends that Plaintiff may not maintain a claim of bad faith under 42 Pa.C.S.A. Section 8371 because she has failed to plead sufficient facts to support such claim. See Defendant's Memorandum in Support (ECF No. 11).

Courts interpreting Pennsylvania law have held that a Section 8371 claim contains two elements: (1) the insurer lacked a reasonable basis for denying benefits under the applicable

---

[1] The Court of Appeals for the Third Circuit had previously set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. Aug. 18, 2009).

policy, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for refusing the claim. See Schmitt, 2011 WL 4368400, *9 (citing cases); see also Defendant's Memorandum in Support at 6. The level of culpability required to prove bad faith is something more than mere negligent conduct which is harmful to the insured, it need not be fraudulent but "imports a dishonest purpose and means a breach of a known duty . . . through some motive of self-interest or ill will" as compared to negligence or bad judgment. Id. (quoting O'Donnell *ex rel* v. Mitro v. Allstate Insur. Co., 734 A.2d 901, 905 (Pa. Super. 1999)). See also Smith v. Allstate Ins. Co., 904 F.Supp.2d 515, 524 (W.D. Pa. 2012) (noting that bad faith "encompasses a broad range of insurer conduct").

As Defendant correctly observes, clear averments of fact should support a claim for bad faith, and conclusory, "catch-all averments" are insufficient to overcome a motion to dismiss. See Defendant's Memorandum in Support at 7. The Court disagrees, however, with Defendant's assertion that Plaintiff raises only conclusory allegations lacking specific factual support. To the contrary, the Amended Complaint provides specific information as to State Farm's five-year involvement in this case, the nature of Plaintiff's injuries, the medical evidence provided, the chronology of events, the parties' course of conduct, and the factual bases for Plaintiff's allegation of statutory bad faith as to Defendant's handling of her UIM claim. See *supra*. The pleadings in this case are distinguishable from those in the non-precedential cases to which Defendant cites. See Defendant's Memo in Support at 8-11.[2] Compare Plaintiff's Brief in Opposition (ECF No. 12) at 5 (citing Pennsylvania District Court cases representative of the

---

[2] The Court also notes that the Opinion in Sypeck v. State Farm Mutual Auto. Insur. Co., U.S.D.Ct. M.D. Pa. 3:12-CV-324, granting dismissal of the bad faith claim in part because "even if [Defendant's'] offer was facially unreasonable, *that does not prove* that State Farm acted in bad faith – *rather, it might have* negligently failed to investigate and evaluate" appears to conflate the applicable standards. See Sypeck, Defendant's Motion in Support, Ex. A, at 6 (emphasis added). Compare Standard of Review, *supra*.

Court's broad interpretation of Section 8371 "in a wide-variety [*sic*] of circumstances"); Padilla v. State Farm Mut. Auto. Ins. Co., 31 F.Supp.3d 671 (E.D. Pa. 2014) (Plaintiff's Brief in Opposition, Ex. 1).

Defendant also maintains that allegations regarding the underlying litigation should be stricken because (a) Pennsylvania is not a "direct action" state (*i.e.*, n injured party cannot directly sue the insurance company of the alleged tortfeasor) and an injured party may not "bring a direct action for bad faith against the tortfeasor's liability carrier" – an argument that is facially inapposite; and (b) Plaintiff cannot "improperly . . . import the third-party carrier's [State Farm's] handling of the third party personal injury lawsuit into her first-party UIM lawsuit [against State Farm]" by "comingl[ing]" the lawsuits/claims. The Court concurs with Plaintiff in that Defendant's assertion that Plaintiff's scope of factual allegations are unaffected where "State Farm happens to have been Ms. Saylor's insurance carrier" as well. See Defendant's Memorandum in Support at 13, n. 6. To the contrary, an assessment of, *e.g.,* the reasonableness or recklessness of, State Farm's handling of Plaintiff's UIM claim must be properly informed by a factual understanding of its conduct, an understanding which necessarily includes, *e.g.*, the history of Defendant's knowledge regarding Plaintiff's injury and treatment. See Plaintiff's Brief in Opposition at 9-10 (noting that Defendant was represented by the same law firm in both actions, and that the information State Farm possessed in particular time frames is relevant to litigation regarding its handling of the UIM claim).

Finally, the Court observes that the case will go forward, and the same discovery will be relevant, and the same facts will be in evidence as to Plaintiff's underlying claims and her requests for relief. Defendant remains free to re-raise Plaintiff's potential entitlement to maintenance of a bad faith claim at a later time. The Court notes Defendant's correct assertion

6

that Plaintiff will have the burden of proving her bad faith claim by clear and convincing evidence. See Defendant's Memorandum in Support at 6.

## V. Order

**AND NOW**, this 11th day of May, 2015:

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (ECF No. 9) is **DENIED**.

By the Court:

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record